**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 2 5 2019

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**OKSANA ZAFFARANO**                                             **PLAINTIFF**

VS.                          No. 4:19-cv-___-___

**SADDLE PEAK, LLC**                                             **DEFENDANT**

---

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Oksana Zaffarno, by and through her attorneys Allison Koile and Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint against Saddle Peak, LLC, she does hereby state and allege as follows:

### I.     NATURE OF THE ACTION

1.     This is an employment discrimination action brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-f (5), et. seq., Americans with Disabilities Act of 1993 ("ADA"), and the Arkansas Civil Rights Act of 1993, as codified at A.C.A. § 16-123-101, et. seq. ("ACRA").

2.     Plaintiff was employed by Saddle Peak, LLC, a/k/a Sheridan Hardee's.

3.     Plaintiff alleges Defendant unlawfully discriminated against Plaintiff beginning in December of 2018 because of her pregnancy and perceived or actual disability of pregnancy, in violation of Title VII, ADA and ACRA.

4.     Plaintiff alleges these violations of these federal and state acts ultimately led to Plaintiff's termination of employment from Saddle Peak, LLC.

Case assigned to District Judge Miller
and to Magistrate Judge Volpe

## II.     PARTIES

5.      Plaintiff Oksana Zaffarno is a resident of Grant County.

6.      Zaffarano was formerly employed as a fast food worker for Defendant Saddle Peak, LLC ("Hardee's").

7.      Saddle Peak, LLC, is a limited liability company registered to do business in Arkansas.

8.      Saddle Peak, LLC's registered agent for service is the Corporation Service Company, 300 South Spring Street, Suite 900, Little Rock, Arkansas 72201.

## III.     JURISDICTION AND VENUE

9.      The United States District Court for the Eastern District of Arkansas, Western Division, has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331.

10.     The acts complained of herein were committed and had their principal effect against Plaintiff within the Eastern District of Arkansas, Western Division; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

11.     This Court has supplemental jurisdiction over Plaintiff's Arkansas statutory and common law claims pursuant to 28 U.S.C. § 1367(a).

## IV.     FACTUAL ALLEGATIONS

12.     At all relevant times herein, Hardee's has been a foreign for-profit corporation maintaining a place of business in Arkansas.

13.     Hardee's is primarily engaged in the sale of fast food, such as hamburgers and French fries.

14.     Zaffarano's employment with Hardee's began on December 3, 2018, and it

ended on or about January 3, 2019.

15.    At all times relevant herein, Plaintiff was an "employee" of Defendant's as defined by Title VII, the ADA and the ACRA.

16.    At all relevant times herein, Defendant was the "employer" of Plaintiff within the meaning of all applicable federal statutes and implementing regulations, including Title VII, ADA and ACRA.

17.    Plaintiff was injured by the acts and omissions of Defendant during such time as she was entitled to the rights and protections of Title VII, the ADA and the ACRA.

18.    Defendant employed fifteen (15) or more employees for each working day during each of twenty or more calendar workweeks in the year of the alleged acts (2018) or the preceding year (2019), combined.

19.    At all times relevant to this action, Defendant was an employer subject to the anti-discrimination and anti-retaliation provisions of Title VII and the ACRA.

20.    Zaffarano most often worked the drive-thru window but could have worked many other positions in the restaurant, such as a biscuit maker, front of the store cashier and/or food prep.

21.    Zaffarano was expecting a child when she was hired to work at Hardees.

22.    Despite her pregnancy, Zaffarano was fully capable of performing the position as a drive-thru window attendant or any other position to which she could have been assigned as a fast food employee.

23.    Zaffarano did not ask for an accommodation due to her pregnancy.

24.     Zaffarano did not immediately disclose her pregnancy to her co-workers or supervisor upon her hire.

25.     Coworker Katie Armstrong told Zaffarano on December 5 that she looked Zaffarano up on Facebook and found out that Zaffarano was pregnant.

26.     The same day[?], Armstrong informed Zaffarano's supervisor (Rachel Spruill, a shift manager) that Zaffarano was pregnant.

27.     Upon reasonable information and belief, the same day[?], Armstrong discussed Zaffarano's pregnancy with her boyfriend Michael Chance, who is a shift leader at the restaurant.

28.     Beginning a week later, Hardees began to reduce Zaffarano's work hours and cancelled her shifts.

29.     Before long, Hardee's completely stopped scheduling Zaffarano.

30.     Zaffarano called several times to ask about the status of her employment, and Ms. Spruill informed Zaffarano "we've given you chance after chance to improve we had to terminate you."

31.     Zaffarano received no written discipline or coaching regarding her performance while she worked for Hardee's.

32.     Zaffarano performed her work for Hardee's satisfactorily.

33.     Despite Zaffarano's skills and qualifications, Hardee's discriminated against her based on her gender and her pregnancy, by unwarranted discipline and, ultimately, termination.

34.     Zaffarano was terminated from her position around January 3 for being pregnant.

35.     Zaffarano was terminated because she was pregnant.

36.     Hardee's considered Zaffarano unable to perform the essential functions of

her job as a fast food worker because she was pregnant.

37.     Zaffarano was fully capable of performing her job despite being pregnant.

38.     Zaffarano was terminated from her position due to her sex (female) and disability (pregnancy), in violation of Title VII of the Civil Rights Act of 1964, as amended, the Americans with Disabilities Act of 1990, as amended, and the Arkansas Civil Rights Act, because of her gender and disability and/or because Defendant regarded her as disabled.

39.     More than thirty (30) days prior to the institution of this lawsuit, and within one hundred and eighty days of the condition precedent, Zaffarano filed a charge with the EEOC alleging violations of Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990, each as amended, and the Pregnancy Discrimination Act.

40.     Plaintiff received a right to sue letter on or about September 13, and Plaintiff is within her 90-day period to sue Defendant.

## V.     COUNT ONE: TITLE VII

41.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

42.     Defendant engaged in unlawful employment practices at its location in Sheridan, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-f (5), et. seq.

43.     Defendant discriminated against Plaintiff by treating her differently from and less preferably than similarly situated male employees by subjecting Plaintiff to discriminatory practices.

44.     Defendant discriminated against Plaintiff in violation of Title VII because of

or on the basis of pregnancy, childbirth and/or related medical conditions.

45.     Plaintiff was not treated the same for all employment-related purposes, including compensation, opportunities for promotion, discipline and other terms and conditions of employment as other similarly-situated employees with similar ability or inability to work who were either non-pregnant or not known to be pregnant.

46.     Defendant's policies, practices and/or procedures have had a disparate impact on Plaintiff with respect to the terms and conditions of her employment.

47.     Defendant's conduct has been intentional, deliberate, willful, malicious, reckless, and/or conducted in callous disregard for the rights of Plaintiff, entitling Plaintiff to punitive damages.

48.     As a result of Defendant's conduct alleged herein, Plaintiff has suffered and continues to suffer harm including but not limited to lost wages, lost back pay and front pay, lost interest and attorneys' fees and costs. Plaintiff is entitled to recover such monetary and other damages, punitive damages, interest, and attorneys' fees and costs from Defendant under Title VII.

## VI.     COUNT TWO: ADA

49.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

50.     Defendant engaged in unlawful employment practices at their facility in Lead Hill in violation of Sections 102(a) of the ADA, 42 U.S.C. § 12112(a).

51.     Specifically, Defendant discharged Zaffarano from her employment with Defendant because of her perceived disability.

52.     At all relevant times, Plaintiff was a qualified individual with a perceived

disability, namely pregnancy, within the meaning of the ADA, and could perform the essential functions of the position from which she was removed.

53.     Despite her ability to perform the essential function of her job, with or without reasonable accommodations, Plaintiff was terminated on or about January 3, 2019.

54.     Plaintiff became pregnant in 2019, which is a qualified temporary disability or perceived disability as defined by the Americans with Disabilities Act of 1990 (the "ADA") and is substantially limited in performing one or more major life activities, including but not limited to walking, standing and lifting.

55.     Plaintiff did not request a reasonable accommodation under the ADA.

56.     Defendant perceived Plaintiff as disabled due to her pregnancy.

57.     The effect of the practices complained of above, has been to deprive Zaffarano of equal employment opportunities and otherwise adversely affect her status as employee because of her disability or perceived disability.

58.     The unlawful employment practices complained of above were intentional.

59.     The unlawful employment practices complained of above were done with reckless indifference to the federally protected rights of Zaffarano.

60.     Pursuant to the Americans with Disabilities Act of 1990, Plaintiff is entitled to, and she seeks, the sum of her lost wages and/or other compensation denied or loss to her by reason of Defendant's violations of the ADA, an additional equal amount as liquidated damages, plus any interest she is entitled to for these causes, because Defendant's violations were not in good faith and Defendant had no reasonable grounds for believing that its actions were not in violation of the ADA.

## VII.        COUNT FOUR: ACRA

61.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

62.     Under the Arkansas Civil Rights Act of 1993 ("ACRA"), a person employed by an employer in the state of Arkansas has "the right of an otherwise qualified person to be free from discrimination because of race, religion, national origin, gender, or the presence of any sensory, mental, or physical disability is recognized as and declared to be a civil right." A.C.A. § 16-123-107.

63.     Under ACRA, this right "shall include, but not be limited to: the right to obtain and hold employment without discrimination."

64.     Plaintiff was discharged from her employment by an Arkansas employer for her perceived or actual disability of pregnancy, which is a direct violation of ACRA.

65.     Defendant acted willfully, intentionally, and with reckless disregard to Plaintiff's rights under ACRA.

66.     As a direct and proximate result of Defendant's actions, Plaintiff suffered injury and monetary damages, including but not limited to, past and future loss of income, benefits, promotions, expenses and costs, and Plaintiff is entitled to all legal and equitable remedies available.

67.     By reason of Defendant's discrimination, Plaintiff is entitled to all legal and equitable remedies available for violations of ACRA, including an award of liquidated damages for all willful violations, prejudgment interest, attorneys' fees and costs, and other compensation pursuant to A.C.A. § 16-123-107.

## VIII.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Oksana Zaffarano requests that Defendant be summoned to appear and answer herein; for the entry of a declaratory judgment in favor of Plaintiff decreeing that her state and federally protected rights have been violated; that this Court enter judgment in her favor and against Defendant Saddle Peak, LLC, plus interest, liquidated damages as that term is defined in the applicable state and federal laws, reasonable attorneys' fees, costs of action and other relief as this Court deems appropriate, including reinstatement and/or an appropriate award of front pay.

Respectfully submitted,

**PLAINTIFF OKSANA ZAFFARANO**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Allison Koile
Ark. Bar No. 2011154
allison@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com